UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> R. DIAZ, et al., <br><br> Defendants. | Case No. 1:21-cv-00787-SKO (PC) <br><br> **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** <br><br> 21-DAY DEADLINE |

     Plaintiff Christopher Lipsey, Jr., is a state prisoner proceeding *pro se* in this civil rights action. Plaintiff alleges the water provided to him at Kern Valley State Prison is contaminated. (Doc. 1.) In his complaint, Plaintiff indicates that he has filed an administrative grievance regarding his claims, but that he has not yet received a decision from the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals. (*See id.* at 3, 9.)

     The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances regarding non-healthcare matters are subject to two levels of review. *See* Cal. Code Regs. tit. 15, § 3481(a). In general, prisoners must receive a disposition from the CDCR Office of Appeals before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m); *but see id.* § 3483(m)(2).

Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, it is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal. <u>Failure to comply with this order will result in a recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **November 22, 2021**              /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE