1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER LIPSEY, JR.,              Case No. 1:21-cv-00787-SKO (PC)

12              Plaintiff,                  **FINDINGS AND RECOMMENDATIONS
                                            TO DISMISS ACTION FOR FAILURE TO**
13       v.                                 **EXHAUST ADMINISTRATIVE REMEDIES**

14   R. DIAZ, et al.,                       14-DAY DEADLINE

15              Defendants.                 Clerk of the Court to Assign a District Judge

16

17       Plaintiff Christopher Lipsey, Jr., is a state prisoner proceeding *pro se* in this civil rights

18   action. He alleges the water provided to him at Kern Valley State Prison is contaminated. (Doc.

19   1.) In his complaint, Plaintiff indicates that he has filed an administrative grievance regarding his

20   claims, but that he has not yet received a decision from the California Department of Corrections

21   and Rehabilitation (CDCR) Office of Appeals. (*See id.* at 3, 9.) Therefore, on November 22,

22   2021, the Court issued an order to show cause, within 21 days, why this action should not be

23   dismissed for failure to exhaust. (Doc. 11.) Although more than 21 have passed, Plaintiff has

24   failed to respond to the order to show cause.

25       The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

26   respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,

27   prison, or other correctional facility until such administrative remedies as are available are

28   exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and

1  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation

2  omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*

3  *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

4  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

5        Inmates are required to "complete the administrative review process in accordance with

6  the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

7  court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances

8  regarding non-healthcare matters are subject to two levels of review. *See* Cal. Code Regs. tit. 15,

9  § 3481(a). In general, prisoners must receive a disposition from the CDCR Office of Appeals

10  before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m); *but see id.*

11  § 3483(m)(2).

12        Generally, failure to exhaust is an affirmative defense that the defendant must plead and

13  prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is

14  clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

15        Here, it is clear on the face of his complaint that Plaintiff failed to exhaust administrative

16  remedies prior to filing suit. Accordingly, the Court RECOMMENDS that this action be

17  DISMISSED without prejudice. The Court DIRECTS the Clerk of the Court to assign a district

18  judge to this action.

19        These Findings and Recommendations will be submitted to the United States District

20  Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of

21  service of these Findings and Recommendations, Plaintiff may file written objections with the

22  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

23  Recommendations." Plaintiff's failure to file objections within the specified time may result in

24  waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

25  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

26

27  IT IS SO ORDERED.

28  Dated:  __January 14, 2022__                    ____*/s/ Sheila K. Oberto*____

1                                                   UNITED STATES MAGISTRATE JUDGE